UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TYCO HEALTHCARE GROUP LP,

    Plaintiff,

v.

INTERNATIONAL MEDSURG
CONNECTION, INC.

    Defendant.

CIVIL ACTION NO. 05-11511 DPW

MAGISTRATE JUDGE Alexander

RECEIPT # 65664
AMOUNT $250
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 7/18/05

## COMPLAINT FOR PATENT INFRINGEMENT

This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, §§ 281-285.

### PARTIES

1. Plaintiff Tyco Healthcare Group LP ("Tyco Healthcare") is a Delaware limited partnership with a principal place of business in Mansfield, Massachusetts, 02048. Tyco Healthcare is successor in interest to The Kendall Company ("Kendall").

2. Upon information and belief, defendant International Medsurg Connection, Inc. ("IMC") is an Illinois corporation with a principal place of business in Schaumburg, Illinois.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and §§ 1338(a), 2201, and 2202.

4. This Court has personal jurisdiction over IMC because, upon information and belief, IMC regularly conducts business within the Commonwealth of Massachusetts, including placing within the stream of commerce products that infringe United States Letters Patent No.

4,917,694 and that are sold or distributed in Massachusetts.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(b).

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent Number)

6. On June 15, 1999, United States Patent Number 4,917,694 (the "'694 Patent"), entitled "Surgical Sponge," was duly and legally issued by the United States Patent and Trademark Office. Tyco Healthcare owns the '694 Patent by assignment, as successor in interest to Kendall. A true and correct copy of the '694 Patent is attached hereto as Exhibit A.

7. By letter dated April 6, 2005, Tyco Healthcare notified IMC that it was infringing the '694 Patent and provided a copy of the '694 Patent to IMC.

8. IMC initially suggested that it would cease its infringement, but has subsequently failed to do so.

9. IMC has been and is directly infringing, actively inducing others to infringe, and contributing to or inducing the infringement of the '694 Patent.

10. Upon information and belief, IMC will continue to infringe the '694 Patent unless and until it is enjoined by this Court.

11. IMC's infringement is taking place with knowledge of the '694 Patent and is willful. By continuing to commit acts of infringement with full knowledge of the '694 Patent, IMC has failed to meet the required standard of care to avoid a finding of willful infringement.

12. IMC has caused and will continue to cause Tyco Healthcare irreparable injury and damage by infringing the '694 Patent. Tyco Healthcare will suffer further irreparable injury, for which Tyco Healthcare has no adequate remedy at law, unless and until IMS is enjoined from infringing the '694 Patent.

WHEREFORE, IMS prays that this Court:

    A. Enter judgment that IMC has infringed the '694 Patent;

    B. Enjoin IMC and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them from infringing the '694 Patent;

    C. Award Tyco Healthcare damages in amounts sufficient to compensate it for IMC's infringement of the '694 Patent, together with prejudgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

    D. Treble the damages awarded to Tyco Healthcare against IMC, by reason of IMS's willful infringement of the '694 Patent;

    E. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Tyco Healthcare its attorneys' fees, expenses, and costs incurred in this action; and

    F. Award Tyco Healthcare such other relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Tyco Healthcare hereby demands a trial by jury on all issues so triable.

TYCO HEALTHCARE GROUP LP.

By its attorneys,

_____
Joseph F. Shea (BBO #555473)
Ronald E. Cahill (BBO # 638200)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated: July 18, 2005

| United States Patent [19] | [11] | Patent Number: | 4,917,694 |
|---|---|---|---|
| Jessup | [45] | Date of Patent: | Apr. 17, 1990 |

[54] SURGICAL SPONGE

[75] Inventor: James L. Jessup, Elk Grove Village, Ill.

[73] Assignee: The Kendall Company, Boston, Mass.

[21] Appl. No.: 867,000

[22] Filed: May 20, 1986

**Related U.S. Application Data**

[63] Continuation of Ser. No. 379,683, May 19, 1982, abandoned.

[51] Int. Cl.⁴ ............................................... A61F 13/16
[52] U.S. Cl. .................................................... 604/362
[58] Field of Search ................. 604/362; 128/155, 156

[56] **References Cited**

U.S. PATENT DOCUMENTS

| 3,911,922 | 10/1975 | Kliger | 604/362 |
| 4,068,666 | 1/1978 | Shiff | 128/156 |
| 4,205,680 | 6/1980 | Marshall | 128/156 |

FOREIGN PATENT DOCUMENTS

| 948387 | 6/1974 | Canada | 604/362 |
| 0736685 | 9/1955 | United Kingdom . | |
| 0794352 | 4/1958 | United Kingdom . | |
| 0839451 | 6/1960 | United Kingdom . | |

Primary Examiner—C. Fred Rosenbaum
Assistant Examiner—Sharon Rose
Attorney, Agent, or Firm—Powell L. Sprunger

[57] **ABSTRACT**

A surgical sponge comprising, a sheet of absorbent material. The sponge has an elongated visually detectable element at a visible location on the sheet comprising a pair of elongated twisted strands. One of the strands has a color which contrasts with the color of the sheet, and the other of said strands has a color which contrasts with the color of blood.

13 Claims, 1 Drawing Sheet





4,917,694

1

# SURGICAL SPONGE

This is a continuation of application Ser. No. 379,683 filed May 19, 1982, now abandoned.

## BACKGROUND OF THE INVENTION

The present invention relates to absorbent articles, and more particularly to surgical sponges.

Surgical sponges are commonly used during surgical procedures to absorb body fluids of the patient both inside the incision and around the site of surgery. Sponges of this nature are usually made of an open-meshed absorbent fabric, such as woven cotton.

It is important, of course, that all of such sponges be removed from the patient's body after surgery is complete and before the incision has been closed. Accordingly, it is a standard procedure for the surgical team to carefully count the sponges both before placement in the incision and after removal from the incision to reduce the possibility that a sponge may be left in the patient.

In spite of such safety measures, sponges have been occasionally lost, particularly when an unexpected emergency disrupted the normal operative routine such as counting, which is subject to human error. When saturated by body fluids, such as blood, the sponges become significantly reduced in size and assume a color the same as some types of body tissue, thus making visual detection of the sponges extremely difficult. As a result, it has been required to provide the sponges with a flexible insert which is opaque to X-rays. In case of a disputed or nontallying sponge count in the operating room, or in case of unexpected or unexplainable post-operative discomfort on the part of the patient, a portable X-ray unit is brought to the patient and an X-ray exposure should reveal the presence or absence of a lost sponge. A negative plate should be reassurance to the surgeon that he and his operative team have not left a sponge in the patient. Nevertheless, it is desirable that the patient be provided additional assurance a sponge does not remain in his body, and that the number of instances an X-ray is necessary be minimized, whether or not additional surgery would ultimately be required to remove a lost sponge.

## SUMMARY OF THE INVENTION

A principal feature of the present invention is the provision of a surgical sponge of simplified construction which prevents mishaps in reclaiming sponges from a patient's body.

The sponge of the present invention comprises, a sheet of absorbent material. The sponge has an elongated visually detectable element at a visible location on the sheet comprising a pair of elongated twisted strands. One of the strands has a color which contrasts with the color of the sheet, and the other of the strands has a color which contrasts with the color of blood.

A feature of the present invention is that the one strand enhances visibility of the element during counting of the sponges prior to placement in an incision in order to verify that the elements are in fact located on the sponges.

Another feature of the invention is that the other strand significantly increases the visibility of the sponge in a patient's body when saturated by body fluids.

2

Thus, a feature of the present invention is that the element minimizes the possibility that the sponge may be left in a patient's body during an operation.

Another feature of the invention is the provision of an apparatus to form the visually detectable element on the sheet.

Further features will become more fully apparent in the following description of the embodiments of this invention and from the appended claims.

## DESCRIPTION OF THE DRAWINGS

In the drawings:

FIG. 1 is a diagrammatic view illustrating an apparatus to form the surgical sponge of the present invention;

FIG. 2 is a diagrammatic view on an enlarged scale illustrating a rotating guide wheel in the apparatus of FIG. 1;

FIG. 3 is a plan view of the surgical sponge of the present invention; and

FIG. 4 is a diagrammatic view of another embodiment of the present invention.

## DESCRIPTION OF THE PREFERRED EMBODIMENTS

Referring now to FIG. 3, there is shown a surgical sponge generally designated 10 comprising a sheet 12 of an absorbent material, e.g., a low-count open-mesh gauze or washed gauze fabric, such as woven cotton. The sheet 12 has a plurality of folds defining a multiple ply configuration of the sponge 10.

The sponge 10 has an elongated visually detectable element 14 comprising a pair of twisted strands 16 and 18 which have different colors. One of the strands 16 has a color which contrasts with the color of the sheet 12, and the other of the strands 18 has a color which contrasts with the color of blood for a purpose which will be described below. In one form, the one strand 16 may have a color such as blue or green, and the other strand 18 may have a color such as white. The strands 16 and 18 may be constructed from a blood repellant material such as polyvinylchloride. In a preferred form, the element 14 is heat-bonded to an inner surface of an outer layer 20 of the folded sheet 12 such that the element 14 is visible through the open-mesh sheet 12, thus reducing the possibility of scratching of delicate tissue by the element 14. In one form, the strands 16 and 18 may be impregnated with barium sulphate in order to make the strands 16 and 18 radiopaque. In an alternative form, the strands 16 and 18 are not radiopaque, and the sponge 10 may have a separate radiopaque element 22 located in the folded sheet 12, such as by impregnating the element 22 with barium sulphate.

An apparatus 23 for forming the visually detectable element 14 on the sheet 12 is illustrated in FIGS. 1 and 2. As shown, the apparatus 23 has a source 24 of the first strand 16, such as a bin, and a source 26 of the other strand 18, such as a bin. The strands 16 and 18 are removed from the sources 24 and 26, respectively, and are passed through a central opening 28 in a rotating guide wheel 30. In an alternative form, the strands 16 and 18 may be extruded from extruders 17 and 19, respectively, and may be passed to the guide wheel 30. The guide wheel 30 may be driven by a suitable motor 32 and an intermediate rotatable wheel 34 which is driven by the motor 32.

With reference to FIG. 2, the guide wheel 30 has a pair of spring clips 36 and 38 which are biased together. As shown, after the strands 16 and 18 pass through the

opening 28, the strands 16 and 18 are frictionally and slidably received between the clips 36 and 38 which twist the strands 16 and 18 about each other into the element 14.

With reference to FIGS. 1 and 2, the sheet 12 is passed over a rotatable wheel 40, and then between a rotatable anvil wheel 42 and a rotatable bonding wheel 44 which pull the sheet 12 between the wheels 42 and 44. The anvil wheel 42 may be driven by a suitable device such as a motor 46. The bonding wheel 44 may be driven and heated by a suitable device such as a motor and heating device 48. Thus, the sheet 12 is moved between the wheels 42 and 44 in a direction as indicated by the arrow in the drawings. Tee twisted strands 16 and 18 are passed from the guide wheel 30, and are placed against the sheet 12. The twisted strands 16 and 18 comprising the element 14 are then passed through the wheels 42 and 44 where the wheel 44 heats the element 14, and bonds the element 14 to one surface of the sheet 12, after which the element 14 passes with the sheet 12 from the wheels 42 and 44. Finally, the sheet 12 with the element 14 is cut and folded into the configuration of the surgical sponge 10 previously described in connection with FIG. 3.

In use, a number of the surgical sponges 10 are supplied to the personnel in an operating room for use during surgery. One of the persons on the operating team counts the sponges before placement in an incision, and also verifies that the element 14 is correctly in place on the sponges 10. In this regard, the one strand 16 with the color which contrasts with the color of the sheet 12 facilitates inspection of the existence of the elements 14 on the sponges 10. After counting of the sponges and inspection of the elements 14, the sponges 10 are placed in an incision in a patient's body during surgery. After surgery has been completed, the sponges 10 are removed from the incision, and the second strand 18 having a color which contrasts with the color of blood significantly enhances visibility of the sponges 10 in the incision in order to minimize the possibility that one of the sponges 10 may be left in the patient's body after surgery has been completed and the incision is closed.

Another embodiment of the present invention is illustrated in FIG. 4, in which like reference numerals designate like parts. In this embodiment, the element 14 has a first longitudinal part 50 of a color which contrasts with the color of the sponge, such as green or blue, and an integral second longitudinal part 52 of a color which contrasts with the color of blood, such as white. The parts 50 and 52 of the element 14 are coextruded from extruder 54. The element 14 may be passed directly to the wheels 40 and 42 of FIG. 1, thus bypassing the guide wheel 30, or may be passed through guide wheel 30 to give a barber pole effect.

The foregoing detailed description is given for clearness of understanding only, and no unnecessary limitations should be understood therefrom, as modifications will be obvious to those skilled in the art.

I claim:
1. A surgical sponge, comprising:
a sheet of absorbent material; and
an elongated visually detectable element at a visible location on the sheet comprising a pair of elongated strands twisted about each other, one of said strands having a color which contrasts with the color of said sheet to facilitate visual inspection of the element prior to the use of the sponge, and the other of said strands having a color which in the presence of blood contrasts with the color of blood to significantly increase the visibility of the sponge in a patient's body when saturated by body fluids with the color of the two strands being different from each other.

2. The sponge of claim 1 wherein said sheet comprises a multi-ply open mesh material, and in which said element is bonded to an inner surface of an outer layer of said sheet.

3. The sponge of claim 1 wherein said element comprises polyvinyl chloride.

4. The sponge of claim 1 wherein said element is impregnated with a radiopaque material.

5. The sponge of claim 1 including an elongated radiopaque element in the sponge.

6. The sponge of claim 1 wherein the colors of said strands are blue and white.

7. The sponge of claim 1 wherein the colors of said strands are green and white.

8. The sponge of claim 1 wherein said absorbent material comprises washed gauze.

9. The sponge of claim 3 wherein the colors of said strands are blue and white.

10. The sponge of claim 3 wherein the colors of said strands are green and white.

11. A surgical sponge, comprising:
a sheet of absorbent material; and
an elongated visually detectable element at a visible location on the sheet comprising first and second longitudinally extending integral parts, said first part having a color which contrasts with the color of the sheet to facilitate visual inspection of the element prior to use of the sponge, and said second part having a color which in the presence of blood contrasts with the color of blood to significantly increase the visibility of the sponge in a patient's body when saturated by body fluids with the color of said first and second parts being different from each other.

12. The sponge of claim 11 wherein said element is twisted.

13. A surgical sponge, comprising:
a sheet of absorbent material; and
an elongated visually detectable element at a visible location on the sheet comprising a pair of elongated strands, one of said strands having a color which contrasts with the color of said sheet to facilitate visual inspection of the element prior to the use of the sponge, and the other of said strands having a color which in the presence of blood contrasts with the color of blood to significantly increase the visibility of the sponge in a patient's body when saturated by body fluids with the color of said strands being different from each other.

* * * * *

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)    Tyco Healthcare Group, LP v. International Medsurg Connection, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    __  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    X   II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    __  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    __  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    __  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES ☐        NO **XX**

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                    YES ☐        NO **XX**
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES ☐        NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES ☐        NO **XX**

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES ☐        NO **XX**

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐        Central Division ☐        Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division **XX**   Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                    YES ☐        NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Joseph F. Shea, Esq.
ADDRESS    Nutter McClennen & Fish, LLP, 155 Seaport Blvd., Boston, MA 02210
TELEPHONE NO.    617.439.2000

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TYCO HEALTHCARE GROUP, LP

**DEFENDANTS**
INTERNATIONAL MEDSURG CONNECTION, INC.

(b) County of Residence of First Listed Plaintiff   BRISTOL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JOSEPH F. SHEA, ESQ., NUTTER MCCLENNEN & FISH
155 SEAPORT BLVD., BOSTON, MA 02210   617.439.2000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 USC 271
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 7/18/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE